IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re National Century<br>Financial Enterprises,<br>Inc., Investment Litigation. | : | Case No. 2:03-md-1565 |
| | : | Judge Graham |
| | : | Magistrate Judge Abel |

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| Lance Poulsen, | : | |
| | | Case No. 2:04-cv-269 |
| Plaintiff, | : | |
| v. | | |
| | : | |
| Bank One, N.A.., | | |
| | : | |
| Defendant. | | |

OPINION AND ORDER

This matter is before the court on plaintiff Lance Poulsen's response to the April 6, 2012 Show Cause Order why this action should not be dismissed under the doctrine of *in pari delicto*. See Bateman Eichler, Hill Richards, Inc. v. Berner, 472 U.S. 299, 306-07 (1985).

Poulsen's response centers on his belief that the collapse of National Century Financial Enterprises, Inc. in late 2002 was caused by the prospective corporate merger of Bank One with JPMorgan Chase (which ultimately took place in early 2004). Much of what Poulsen alleges is counterintuitive to anyone familiar with the National Century multidistrict litigation. Whereas the investor plaintiffs alleged that Bank One assisted in covering up National Century's wrongdoing and waited far too long before declaring an event of default, Poulsen alleges that Bank One sounded a false alarm at National Century when everything "was operating normally." See Response, p. 12.

Poulsen contends that in September 2002 Bank One became aware that National Century was experiencing "difficulties" and that a "technical" event of default had occurred, id. at p. 10, thus putting Bank One on notice that its obligations as a Trustee of NPF XII would be increased under the Master Indenture. See id. at p. 9 (alleging that Bank One was supposed to assume the role of "standby

Servicer" in the event of a default).  According to Poulsen, Bank One knew that the merger with JPMorgan would have been undermined had Bank One assumed the obligations of a standby servicer.  It is unclear to the court, even after several readings of Poulsen's response, exactly why or how the merger would have been affected.  Perhaps the point is that Bank One would have had sufficient financial exposure, even in the event of a "technical" default, to have made it a less desirable acquisition target.

Nonetheless, in Poulsen's view, Bank One concealed National Century's relatively minor difficulties from investors and conspired with JPMorgan to falsely drop a bombshell in October 2002 that National Century had committed a massive fraud.  In doing so, Bank One allegedly induced the FBI to shut down National Century and improperly hastened the company into bankruptcy.  Poulsen alleges that Bank One's efforts to bring the operations of National Century to a halt accomplished Bank One's goal of avoiding being forced to serve as a standby servicer.  Poulsen believes that the fallout from Bank One's sounding of a false alarm caused him to be unjustly prosecuted and imprisoned.

The court finds that Poulsen's allegations do not overcome the core concern of the *in pari delicto* doctrine, which is to "prevent[] one wrongdoer from recovering from another because each should bear the consequences of their wrongdoing without legal recourse against the other." In re Amcast Indus. Corp., 365 B.R. 91, 123 (Bankr. S.D. Ohio 2007).  Even if Poulsen is in some sense correct that Bank One abandoned the best interests of National Century as it pursued a partnership with JPMorgan, Poulsen cannot explain away the fact that National Century under his direction did indeed commit a massive fraud.  In the criminal proceedings, Poulsen was found beyond a reasonable doubt to have masterminded a fraudulent scheme that diverted billions of dollars from National Century.  In the bankruptcy proceedings, National Century's assets were found to be several billion dollars short of its liabilities.

Whatever Bank One's alleged failings might have been, they pale in comparison to Poulsen's criminal conduct.  Poulsen's convictions and 30-year sentence have been affirmed on appeal. U.S. v. Poulsen, 655 F.3d 492 (6th Cir. 2011), *cert. denied*, 132 S.Ct. 1772 (2012).  The court finds that as between Poulsen and Bank One, Poulsen is substantially responsible for National Century's collapse.

Accordingly, Poulsen is precluded from recovery under the doctrine of *in pari delicto*.  See Bateman Eichler, 472 U.S. at 310-11 (1985); Pinter v. Dahl, 486 U.S. 622, 636 (1988); In re Dublin Securities, Inc., 133 F.3d 377, 380 (6th Cir. 1997).

This action is hereby DISMISSED.  The clerk shall enter final judgment in favor of defendant Bank One in Case No. 2:04-cv-1035, and the court will notify the Judicial Panel on Multidistrict Litigation that this action has been terminated.

        s/ James L. Graham
        JAMES L. GRAHAM
        United States District Judge

DATE: May 9, 2012

3